**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| Erica C. Serrano, *individually and as* *guardian for minor, T.S.*, Juan Serrano, and Caleb Serrano, | ) ) ) ) | |
| | ) | Case No. 2:24-cv-03369-DCN-MGB |
| Plaintiff, | ) ) | |
| v. | ) ) | **REPORT AND RECOMMENDATION** |
| Goose Creek Police Department, City of Goose Creek, Conway Police Department, City of Conway, and South Carolina Department of Social Services | ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

Plaintiffs originally filed this action in the Court of Common Pleas for Berkeley County. (Dkt. No. 1-1.) On June 5, 2024, Defendants removed the action to federal court. (Dkt. No. 1.) This matter is now before the Court upon a Motion to Dismiss filed by Defendants Goose Creek Police Department and City of Goose Creek (Dkt. No. 5), a Motion to Dismiss filed by Defendants City of Conway and City of Conway Police Department (Dkt. No. 13), and a Motion to Remand filed by Plaintiffs (Dkt. No. 15). All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1) and Local Rule 73.02(B)(2) (D.S.C.). For the reasons set forth below, the undersigned **RECOMMENDS** that Plaintiffs' Motion to Remand (Dkt. No. 15) be **GRANTED**, and that Defendants' Motions to Dismiss (Dkt. Nos. 5, 13) be **DISMISSED AS MOOT**.

**BACKGROUND**

This is a case of mistaken identity that resulted in Plaintiff Erica C. Serrano's arrest on March 18, 2022. (*See generally* Dkt. No. 1-1.) According to Plaintiffs, "a woman named Erica C.

Serrano, not party to the present case" gave birth to a child in early 2021. (*Id.* at 3.) This woman ("non-party Erica Serrano") tested positive for various illegal substances, as did the umbilical cord of her child. (*Id.*) Defendant South Carolina Department of Social Services ("SCDSS") was contacted and, after investigating the situation, reported non-party Erica Serrano to the Conway Police Department for unlawful neglect of a child. (*Id.*) Plaintiffs claim that non-party Erica Serrano was arrested on charges of child neglect. (*Id.*) She was processed, and the police took her mugshot. (*Id.*)

Plaintiffs claim that "[d]espite [the] highly-visible inconsistent fact[s] in the vital records of both Erica C. Serranos that should have clearly distinguished the two, on or about June 1st, 2021, an arrest warrant was issued naming Plaintiff Erica C. Serrano for unlawful conduct towards a child." (*Id.* at 4.) Further, Plaintiffs allege that "[t]he arrest warrant listed all [of Plaintiff Erica C. Serrano's] vital details: address, social security number, birthday, estimate[d] height and weight, and date of birth." (*Id.*)

According to Plaintiffs, "[o]n or about March 18th, 2022, at or around 7:30 p.m., all Plaintiffs were in their car driving near Thomason Boulevard and Highway 176" when an officer for the Goose Creek Police Department "detained Plaintiff-driver Erica C. Serrano for an alleged improper right turn from Thomason Boulevard onto Highway 176." (*Id.*) Plaintiffs claim that "Plaintiff-driver Erica C. Serrano complied with the signals from the Goose Creek Police Department to pull over" and that "[o]fficers from the Goose Creek Police Department began their traffic stop and ran Plaintiff's information through their system." (*Id.*) Upon doing so, "[t]he system reported an active arrest warrant for Erica C. Serrano for unlawful conduct towards a child," and Plaintiff Erica C. Serrano was arrested "pending transfer to the custody of [the] Conway Police Department." (*Id.*)

Plaintiffs claim that "[t]he arrest of Plaintiff for a charge of neglect happened in the presence of her immediate family, the remaining Plaintiffs in the present case. The experience left them confused, mortified, humiliated, and they suffered great emotional distress as a result." (*Id*.) Plaintiffs allege that the Goose Creek Police Department's search of the car found "nothing notable." (*Id*.) The Goose Creek Police Department therefore returned the car to "the remaining Plaintiffs, among them including a child of adult age, a toddler, and spouse; all distressed at the circumstances." (*Id*.) Plaintiff Erica C. Serrano was "taken to Berkeley County Jail in Monck[]s Corner to be held pending the arrival of a member of the Conway Police Department. (*Id*.)

Plaintiffs claim that "[d]espite her compliance with police officers, Plaintiff Erica C. Serrano was cuffed and shackled in Berkeley County," and that she was "subsequently extradited to and jailed in Horry County Jail at or around 3:30 a.m. on March 19th, 2022." (*Id*. at 5.) Plaintiffs claim that "on or about April 12th, 2022, at the request of the Conway Police Department, [t]he Solicitor's Office informed Conway Police Department that the warrant was dismissed and all charges were dropped." (*Id*.) Plaintiffs claim that the "false charges" against Plaintiff Erica C. Serrano have since been expunged. (*Id*.) Plaintiffs further claim that Plaintiff Erica C. Serrano "has needed to re-initiate treatment" for severe anxiety following her false arrest. (*Id*.)

In light of the above, Plaintiffs brought the instant civil action, alleging wrongful detainment/detention/confinement in violation of South Carolina Code of Laws § 16-5-60, false imprisonment, negligence and gross negligence under the South Carolina Tort Claims Act § 15-78-10 ("SCTCA"), and intentional infliction of emotional distress under the SCTCA. (Dkt. No. 1-1.) As noted, Plaintiffs originally brought this case in state court, and Defendants removed it to federal court on June 5, 2024 under 28 U.S.C. § 1441, *et seq*. (Dkt. No. 1.) Defendants claim that this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1443. (*Id*.)

3

On June 6, 2024, Defendants City of Goose Creek and Goose Creek Police Department (collectively, the "Goose Creek Defendants") filed a Motion to Dismiss certain of Plaintiffs' claims. (Dkt. No. 5.) Plaintiffs responded to the Goose Creek Defendants' motion on June 20, 2024. (Dkt. No. 8.) The Goose Creek Defendants declined to reply to Plaintiffs' response by the June 27, 2024 deadline. (*Id*.) On June 27, 2024, Defendants City of Conway and City of Conway Police Department (collectively, the "Conway Defendants") also filed a Motion to Dismiss Plaintiffs' claims. (Dkt. No. 13.) Plaintiffs responded to the Conway Defendants' motion on July 3, 2024. (Dkt. No. 14.) On that same day, Plaintiffs filed a Motion to Remand the case to state court. (Dkt. No. 15.) The Conway Defendants declined to reply to Plaintiffs' response by the July 10, 2024 deadline. (*Id*.) The Goose Creek Defendants and the Conway Defendants responded to Plaintiffs' Motion to Remand on August 19, 2024. (Dkt. Nos. 20, 21.) Defendant South Carolina Department of Social Services responded to Plaintiffs' Motion to Remand on August 20, 2024. (Dkt. No. 23.) Plaintiffs declined to reply to Defendants' responses to the Motion to Remand. As such, the motions before the Court have been fully briefed and are ripe for disposition.

## DISCUSSION

At the outset, the Court must address the threshold issue of whether it has jurisdiction over the instant civil action. *Reaves v. Crews*, No. 3:22-CV-0732-TLW-TER, 2022 WL 2673066, at \*2 (D.S.C. May 10, 2022) (noting that "because issues of removal and remand go to the very heart of whether this court has subject matter jurisdiction to hear this action, the court must satisfy itself on the jurisdictional question prior to addressing any other motions"), *adopted*, 2022 WL 2670805 (D.S.C. July 11, 2022); *see also Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998) ("The requirement that jurisdiction be established as a threshold matter spring[s] from the nature and limits of the judicial power of the United States and is inflexible and without exception."

4

(internal quotation marks and citation omitted)). Indeed, district courts are "courts of limited jurisdiction [and] possess only that power authorized by Constitution and Statute." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005) (citation omitted). "A court is to presume, therefore, that a case lies *outside* its limited jurisdiction unless and until jurisdiction has been shown to be proper." *United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008) (emphasis in original) (citation omitted).

For the reasons set forth in greater detail below, the undersigned finds that the Court does not have jurisdiction over this case. The undersigned therefore **RECOMMENDS** that Plaintiffs' Motion to Remand (Dkt. No. 15) be **GRANTED**, that the case be **REMANDED** to state court, and that Defendants' Motions to Dismiss (Dkt. Nos. 5, 13) be **DISMISSED AS MOOT**.

## I.    Legal Standard

"The burden of establishing federal jurisdiction is placed upon the party seeking removal." *Mulcahey v. Columbia Organic Chem. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92 (1921)). The right to remove a case from state to federal court derives solely from 28 U.S.C. § 1441, which states, in relevant part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). On a motion to remand, courts are obligated to "construe removal jurisdiction strictly because of the 'significant federalism concerns' implicated." *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004) (quoting *Mulcahey*, 29 F.3d at 151). "If federal jurisdiction is doubtful, a remand is necessary." *Mulcahey*, 29 F.3d at 151 (citing *In re Business Men's Assurance Co. of Am.*, 992

F.2d 181, 183 (8th Cir. 1993); *Cheshire v. Coca-Cola Bottling Affiliated, Inc.*, 758 F. Supp. 1098, 1102 (D.S.C. 1990)).

## II.     Analysis

As noted, Defendants removed this case from state court pursuant to 28 U.S.C. § 1441, *et seq.*, asserting federal question jurisdiction. (Dkt. No. 1.) Plaintiffs now move to remand it, claiming that they never intended to raise a federal claim. (Dkt. No. 15.)

Although the Complaint does not specifically assert any causes of action under federal statutes, Plaintiffs' first cause of action references violations of Plaintiff Erica C. Serrano's Fourth and Fourteenth Amendment rights under the United States Constitution. (Dkt. No. 1-1.) Defendants claim that Plaintiff Erica C. Serrano "improperly bases her wrongful seizure claim on S.C. Code § 16-5-60 rather than 42 U.S.C. § 1983." (*See generally* Dkt. Nos. 5, 13, 20, 21.) Defendants therefore claim that "[t]his case was properly removed to federal court as the Plaintiff alleged, multiple times, violations of the United States Constitution and federally protected rights, privileges, and immunities." (Dkt. No. 20 at 2; Dkt. No. 21 at 2.)

In response, Plaintiffs claim that the Court lacks jurisdiction over this case because Plaintiffs have not asserted any federal causes of action or raised any federal questions, and there is no other basis on which to assume jurisdiction. (Dkt. No. 8 at 3.) Plaintiffs contend that the South Carolina Code of Laws § 16-5-60 "directly concerns [] federal Constitutional rights, as well as [] state Constitutional rights," and is therefore an appropriate statute under which to bring Plaintiff Erica C. Serrano's Fourth and Fourteenth Amendment claims. (*Id.*) Plaintiffs further assert that they "were deliberate in their choice of pleading, and Defendants['] attempts to transform the claim into a § 1983 claim . . . should be denied by this Court." (*Id.*)

South Carolina Code of Laws § 16-5-60 reads:

> Any Citizen who shall be hindered, prevented or obstructed in the exercise of the rights and privileges *secured to him by the Constitution and laws of the United States or by the Constitution and laws of this State or shall be injured in his person or property because of his exercise of the same* may claim and prosecute the county in which the offense shall be committed for any damages he shall sustain thereby, and the county shall be responsible for the payment of such damages as the court may award, which shall be paid by the county treasurer of such county on a warrant drawn by the governing body thereof. Such warrant shall be drawn by the governing body as soon as a certified copy of the judgment roll is delivered to them for file in their office.

S.C. Code Ann. § 16-5-60 (emphasis added). A plain reading of this statute suggests that it encompasses Plaintiffs' claims regarding violations of Plaintiff Erica C. Serrano's Fourth and Fourteenth Amendment Rights. (*Id.*) Nevertheless, Defendants contend that Plaintiffs cannot raise a cause of action under this statute because it has been "impliedly repealed" by the SCTCA, so the Court should properly construe Plaintiffs' claim as arising under § 1983. (Dkt. No. 20 at 3; Dkt. No. 21 at 3.) Defendants further contend that "[t]he fact that Plaintiff improperly ple[]d federal questions under a heading of an impliedly repealed South Carolina statute[] should not deprive the Defendants of having the case heard in the proper Court." (Dkt. No. 20 at 3; Dkt. No. 21 at 3.)

Although it appears true that S.C. Code Ann. § 16-5-60 was impliedly repealed by the SCTCA, this fact does not afford the Court jurisdiction over Plaintiffs' claims. *See Doe v. McGowan*, No. 2:16-CV-00777-RMG, 2017 WL 659938, at *1 (D.S.C. Feb. 13, 2017) (finding that this statute "was impliedly repealed by the Tort Claims Act because the two laws are plainly repugnant to each other"). Indeed, Plaintiffs expressly state that all of their claims arise under state law, and they had no intention of bringing a claim under § 1983. (Dkt. Nos. 8, 14, 15.) As Plaintiffs correctly note, Plaintiffs are the masters of their own complaint, and the Court should not read causes of action into a complaint where such claims do not exist. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 398–99 (1987) (explaining that, under the well-pleaded complaint rule, "the plaintiff is the master of the complaint, [] a federal question must appear on the face of the complaint, and

[] the plaintiff may, by eschewing claims based on federal law, choose to have the cause heard in state court"). Here, Plaintiffs clearly brought a cause of action under S.C. Code Ann. § 16-5-60, not 42 U.S.C. § 1983. (Dkt. No. 1-1.) Because Plaintiffs' cause of action arises under state law, whether Plaintiffs' cause of action is viable under such law is an issue for the state court to determine, not this one. To be sure, the Fourth Circuit "evince[s] a strong preference that state law issues be left to state courts . . . ." *Arrington v. City of Raleigh*, 369 F. App'x 420, 423 (4th Cir. 2010) (unpublished); *see also Waybright v. Frederick Cnty.*, 528 F.3d 199, 209 (4th Cir. 2008), *cert. denie*d, 555 U.S. 1069 (2008).

Beyond their claim that Plaintiffs' causes of action under S.C. Code Ann. § 16-5-60 should actually be construed as arising under 42 U.S.C. § 1983, Defendants propose no other possible basis on which this Court may have jurisdiction over this case. (*See generally* Dkt. Nos. 5, 13, 20, 21.) Upon independent review, the undersigned finds none. (*See generally* Dkt. No. 1-1); *see also Gunn v. Minton*, 568 U.S. 251, 258 (2013). Accordingly, this Court does not have jurisdiction over the case before it, and Plaintiffs' Motion to Remand (Dkt. No. 15) should therefore be **GRANTED**. *See Pinney v. Nokia, Inc.*, 402 F.3d 430, 442 (4th Cir. 2005) ("The general rule, of course, is that a plaintiff is the 'master of the claim,' and he may 'avoid federal jurisdiction by exclusive reliance on state law' in drafting his complaint." (quoting *Caterpillar Inc.*, 482 U.S. at 392)); *see also S.C. Dep't of Soc. Servs. v. Capers*, No. 1:17-CV-1418-JMC-SVH, 2017 WL 9289438, at *1 (D.S.C. June 9, 2017) ("A federal court should remand the case to state court if there is no federal subject matter jurisdiction evident from the face of the notice of removal and any state court pleadings provided."), *adopted*, 2017 WL 6462405 (D.S.C. Dec. 19, 2017). Because this case must be **REMANDED** to state court, the undersigned further **RECOMMENDS** that Defendants' Motions to Dismiss (Dkt. Nos. 5, 13) be **DISMISSED AS MOOT**.

8

## CONCLUSION

It is therefore **RECOMMENDED**, for the foregoing reasons, that Plaintiffs' Motion to Remand (Dkt. No. 15) be **GRANTED**, and that Defendants' Motions to Dismiss (Dkt. Nos. 5, 13) be **DISMISSED AS MOOT**.

**IT IS SO RECOMMENDED.**

September 10, 2024
Charleston, South Carolina